

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2006

# Van De Berg v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1569

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Van De Berg v. Commissioner IRS" (2006). *2006 Decisions.* Paper 1290.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1290

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1569

_____

STEPHEN M. VAN DE BERG (Trust),
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal From the United States Tax Court
(T.C. No. 17072-04)
Tax Court Judge: Honorable Peter J. Panuthos

_____

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed: April 7, 2006)

_____

OPINION

_____

PER CURIAM

On June 15, 2004, the Commissioner of Internal Revenue issued a notice of deficiency to Stephen M. Van De Berg determining that he had a tax deficiency for the 2002 tax year. On September 9, 2004, Van De Berg, acting on behalf of "<u>STEPHEN M VAN DE BERG</u> (Trust)," filed a Tax Court petition for redetermination of the deficiency.

In the petition, Van De Berg alleged that the income referenced in the notice of the deficiency was not taxable to him, but rather was attributable to the Trust. Van De Berg further alleged that the Trust had properly filed a Form 1041 for the 2002 tax year and that the notice of deficiency issued to him as an individual was "void on its face."

At a hearing held before the Tax Court on December 15, 2004, the Commissioner orally moved to dismiss the petition for lack of jurisdiction. Specifically, the Commissioner argued that the notice of deficiency had been issued to an individual, Stephen M. Van De Berg, and therefore, the Trust was not the proper party to file the petition for redetermination of deficiency. Van De Berg appeared at the December 15 hearing as trustee on behalf of the Trust, and insisted that the notice of deficiency had been issued to the Trust. After finding no evidence that the Commissioner had determined a deficiency against the Trust, the Tax Court granted the Commissioner's motion to dismiss for lack of jurisdiction pursuant to Tax Court Rule 60(a) on January 5, 2005. This appeal by STEPHEN M VAN DE BERG (Trust) followed.[1]

On July 20, 2005, this Court advised Van De Berg by letter that because he is not an attorney duly admitted to practice law he could not represent STEPHEN M VAN DE BERG (Trust) before this Court. Van De Berg was advised that his appeal could be

_____

[1] All documents filed with this Court have been signed on behalf of STEVEN M VAN DE BERG (Trust) by Van De Berg as the trustee for the Trust, including, inter alia, the notice of appeal, motion to amend case caption, motion to correct transcript, informal brief, and reply brief.

2

dismissed for failure to timely prosecute under 3d Cir. LAR Misc. 107.2 if a licensed attorney did not enter an appearance on behalf of STEPHEN M VAN DE BERG (Trust). Van De Berg responded to the July 20 letter with a letter of his own arguing that he should be allowed to represent STEPHEN M VAN DE BERG (Trust) pro se in this appeal.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); see also United States v. Cocivera, 104 F.3d 566 (3d Cir. 1996); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10 Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not a non-attorney corporate officer appearing pro se."). Thus, a non-lawyer trustee, such as Van De Berg, may not represent a trust pro se before this Court. See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustees pro se' has no right to represent another entity, i.e., a trust, in a court of the United States"); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant, who had filed an action as trustee on behalf of a trust, "ha[d] no authority to appear as an attorney for others than himself"). Van De Berg's arguments to the contrary are unavailing. Accordingly, we

3

will dismiss the appeal for failure to prosecute because Van De Berg has not complied with our directive to retain counsel for <u>STEPHEN M VAN DE BERG</u> (Trust). The motions to amend case caption and correct the transcript from the 12/15/04 Tax Court motion hearing are thus denied.

Even if we were to reach the merits of the appeal, we would affirm the Tax Court's order dismissing the petition for lack of jurisdiction. Pursuant to Tax Court Rule 60(a), a petition for redetermination of deficiency must be filed by the person against whom the Commissioner determined the deficiency, or someone lawfully authorized to act on behalf of that person. Rule 60(a) further provides that a petition timely filed shall not be dismissed because it was filed by an improper party until a reasonable time has been allowed for ratification by the proper party. Here, we agree with the Tax Court that <u>STEPHEN M VAN DE BERG</u> (Trust), which filed the petition, was not the proper party in the underlying action. Therefore, the Tax Court did not err in dismissing the petition for lack of jurisdiction after having first allowed Van De Berg an opportunity to ratify the petition.