**Melvin M. MARIN, Appellant**

v.

**Tom LESLIE; Artisia Foster; Lawrence County, PA.**

No. 08–4018.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 6, 2009.

Opinion filed: July 8, 2009.

Melvin M. Marin, Los Angeles, CA, pro se.

Phillip L. Clark, Jr., Esq., Balph, Nicolls, Mitsos, Flannery & Clark, New Castle, PA, for Tom Leslie; Artisia Foster; Lawrence County, PA.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Melvin Marin, proceeding pro se, appeals the District Court's order dismissing his complaint for lack of standing. For the reasons that follow, we will modify the District Court's order and affirm the order as modified.

## I.

As we write primarily for the parties, who are familiar with the facts and procedural history of this case, we only briefly discuss the events leading to this appeal. In 2006, Marin initiated this lawsuit by filing a pro se complaint against Appellees pursuant to 42 U.S.C. § 1983. In doing so, he attempted to proceed both as trustee for "Happy Trust Three"—his father's purported self-settled, revocable trust— and as a beneficiary of that trust. He argued that Appellees violated the Due

Process Clause of the Fourteenth Amendment when they sold real property belonging to the trust at a tax sale without notice and in violation of a bankruptcy stay order. In 2008, the Appellees moved for summary judgment, arguing that, because the tax sale had since been voided, Marin's claims had become moot.

While the summary judgment motion was pending, the District Court dismissed the case sua sponte for lack of standing. The court held that Marin lacks standing as a beneficiary because he has only a contingent interest in the trust res, and that he lacks standing as trustee because a pro se litigant cannot pursue a claim in a representative capacity in federal court. Marin now appeals the District Court's order to this Court.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint for lack of standing. *Goode v. City of Philadelphia,* 539 F.3d 311, 316 (3d Cir.2008). We may affirm the District Court's order on any ground supported by the record. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999).

To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotations omitted).

Because standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties. *See Addiction Specialists, Inc. v. Twp. of Hampton,* 411 F.3d 399, 405 (3d Cir.2005).

■ The District Court correctly concluded that Marin lacks standing as a beneficiary of Happy Trust Three. His entitlement as a beneficiary is contingent upon not only the death or incapacity of his father, but also the continued existence of the trust, which apparently can be revoked at any time. Even if his contingent interest ultimately matures into a primary interest, it is uncertain whether that interest would even include the real property at issue. Indeed, because the trust names multiple contingent beneficiaries and does not identify how the trust res would be divided amongst these beneficiaries, Marin's share may very well not include the real property at issue here. Accordingly, because the viability and scope of his interest is uncertain, any alleged injury to that interest is too conjectural to confer standing upon him.

■ Marin does, however, have standing as trustee of Happy Trust Three, for the trust is the true party in interest and the trustee may sue on its behalf. In ruling to the contrary, the District Court conflated standing with the rule of law prohibiting a pro se litigant from pursuing claims on another's behalf. Yet the District Court did not err in dismissing Marin's claims on behalf of the trust, for the court correctly held that he cannot pursue these claims pro se.[1] *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has

---

1. Marin alleges that, pursuant to the terms of the trust, he is owed trustee's fees, apparently for his work on this case. Even if this claim is legitimate, his personal claim would be against the trust, not Appellees. If the trust, in turn, were to seek damages from Appellees, Marin, as trustee, could assert this claim on the trust's behalf, but not without the benefit of counsel.

been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted); *see also Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir.1994) (holding that a trustee cannot proceed pro se on behalf of a trust); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697–98 (9th Cir.1987) (same). To assert these claims on behalf of the trust, Marin would need to retain counsel.

The District Court's order did not specify whether its dismissal was with or without prejudice. We therefore modify the order so that the case is dismissed *without prejudice.* See *Goode,* 539 F.3d at 313 (modifying district court's order dismissing action for lack of standing so that dismissal was without prejudice); *Osei–Afriyie v. Med. Coll.,* 937 F.2d 876, 883 (3d Cir.1991) (remanding case in which pro se plaintiff filed complaint in representative capacity, and noting that if plaintiff did not obtain counsel upon remand, the district court could dismiss the case without prejudice). As so modified, we will affirm the District Court's order. Appellant's motion to supplement the record is denied.