In re James C. **HENDERSON** and Deborah L. Henderson, Debtors.

Citicorp, N.A., Movant

v.

James C. Henderson Deborah L. Henderson, an Ronda J. Winnecou, Respondents.

No. 00–11580–TPA.

United States Bankruptcy Court, W.D. Pennsylvania.

April 6, 2010.

---

Wayne G. Johnson, Jr., Erie, PA, for Debtors.

### *MEMORANDUM ORDER*

THOMAS P. AGRESTI, Chief Judge.

Presently before the Court is an *Amended Motion for Payment of Unclaimed Funds* ("Motion"), filed at Document No. 81 filed by a non-attorney, Kathleen S. Allen, Recovery and Escheat Manager, on behalf of Citicorp, N.A.

The Court has become aware of an increasing number of recent filings seeking the payment of funds that had previously been paid into court as "unclaimed property" pursuant to *11 U.S.C. § 347.* See also *28 U.S.C.A § 2041, et. seq.* Many of these are being filed on behalf of the claimant(s) by individuals who are not licensed as at-

torneys in the Commonwealth of Pennsylvania. The filers in these instances typically base their authority to do so on a "limited power of attorney" or similar document pursuant to which the claimant has authorized the filer to act as his, her or its attorney-in-fact for the purpose of pursuing the unclaimed funds.

■ For reasons explained below, the filing of motions for payment of unclaimed funds constitutes the practice of law and hence may generally only be done by a licensed attorney.[1] The Court has dismissed many of these filings with brief orders stating that the filing is being dismissed because the filing party is not authorized to practice law in the Western District of Pennsylvania. See, e.g., *Collins,* Case No. 03–22894–TPA at Document Nos. 50, 54. Recently, however, some of these filers have begun to "push back" a bit, informally notifying the Court that other bankruptcy courts in the federal system permit this kind of filing by non-attorneys and questioning why this Court will not allow them to do so. For that reason, the Court finds it necessary to issue this *Memorandum Order* to set forth the basis for its conclusion in this matter.

As an initial point of reference, the Court notes that the *Local Rules* of the United States Bankruptcy Court for the Western District of Pennsylvania require that requests for disbursement of unclaimed funds be made by filing a motion and serving copies of it on all interested parties. See *Local Rule 3011–1.* These *Local Rules* have been approved by the District Court for the Western District of

---

1. In the case of claimants who are natural persons, they may also act *pro se,* an option not available to corporate entities. See *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (a corporation may appear in the federal courts only through licensed counsel); *Van De Berg v. Comm'r.,* 175 Fed.Appx. 539, 541 (3rd Cir.

2006). For the sake of brevity the Court will not reiterate this distinction at each place in this *Memorandum Order* where it might be appropriate to do so, mindful of the fact that a natural person always has the ability to act *pro se* and that caveat is implied whenever the Court says an attorney is required.

Pennsylvania pursuant to the requirements of *Fed.R.Bankr.P. 9029*[2] and thus properly govern the practice and procedure before this Court. See also *28 U.S.C. § 1654* ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

■ With that understanding of the *Local Rules* in mind, the Court next notes that the law of the Commonwealth of Pennsylvania prohibits the unauthorized practice of law. See *42 Pa. C. S.A. § 2524*. See also *Fed.R.Bankr.P. 9010(a)* (party may "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy"). The Pennsylvania Supreme Court has stated that attempting to set forth a precise definition of what constitutes the practice of law "would be more likely to invite criticism than to achieve clarity." *Shortz v. Farrell*, 327 Pa. 81, 84, 193 A. 20 (1937). The *Shortz* court went on, however, to identify "three principal domains" of professional activity that lawyers engage in: (1) providing legal advice; (2) preparing legal documents; and, (3) representing clients before tribunals. *Id.* It is this third domain that is most clearly implicated in the present matter. It is instructive to quote in full the description given by the *Shortz* court:

> [A lawyer] appears for clients before public tribunals to whom is committed the function of determining rights of life, liberty, and property according to the law of the land, in order that he may assist the deciding official in the proper interpretation and enforcement of the law. Since, in order to determine such

rights, it is necessary first to establish the pertinent facts, which are frequently uncertain, controverted, and best ascertainable, as experience has demonstrated, by the application of rules of evidence tested by centuries of usage, a lawyer, being technically fitted for the purpose, examines and cross-examines witnesses, and presents arguments to jurymen to guide them to a proper determination of the facts. As ancillary to participation in trials and in legal argumentation, he prepares pleadings and other documents incidental to the proceedings.

327 Pa. at 84–85.

Clearly, the filings at issue here involve "property" whose rightful ownership this Court is being asked to determine. This Court's *Local Rules* also require the filings to be in the form of a motion, which, while not strictly speaking a "pleading" under the nomenclature of federal procedure, see *Fed.R. Civ.P. 7(a)*, is nevertheless a formal document submitted to a court containing a request for relief in the form of an order. See *Fed.R. Civ.P. 7(b)*. Under bankruptcy practice, the filing of such a motion initiates a contested matter which typically provides for an opportunity to file a response, which often results in such a filing, the need for discovery, and possibly, an adversarial evidentiary hearing. *Fed. R.Bankr.P. 9014*.

As such, the Court believes the preparation, filing and prosecution of a motion falls squarely within the third domain of professional activity constituting the practice of law as recognized by the court in *Shortz*. Many other courts in numerous jurisdictions have held that the filing of motions constitutes the practice of law.

---

**2.** See *In re Adoption of Local Rules for the Bankruptcy Court for the Western District of Pennsylvania*, Order of June 16, 2004, signed by District Court Judges Ambrose, Cercone, Lancaster, McVerry, McLaughlin, Schwab, Conti, Hardiman, Gibson, Cohill, Diamond, Bloch, and Standish which is on file at the Office of the Clerk of this Court.

See, e.g., *Unalachtigo Band of Nanticoke–Lenni Lenape Nation v. New Jersey*, 2007 WL 4547501 (D.N.J.2007); *In re J.L.R.*, 2009 WL 3634403 (Ohio App. 4th Dist. 2009); *In re Conduct of Paulson*, 346 Or. 676, 216 P.3d 859 (2009); *Word v. Boyd*, 2007 WL 4180602 (W.D.Ky.2007); *Roberts v. LaConey*, 375 S.C. 97, 650 S.E.2d 474 (2007); *Attorney Grievance Comm'n. v. Hekyong Pak*, 400 Md. 567, 929 A.2d 546 (2007); *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002); *In re Powell*, 266 B.R. 450 (Bankr.N.D.Cal.2001).

Thus, by its issuance of *Local Rule 3011–1* requiring the filing of a motion to secure the payment of unclaimed property, this Court has implicitly recognized that the services of an attorney are required when seeking the payment of unclaimed property. The mere possibility that a motion for payment of unclaimed property *may* be unopposed cannot justify its filing by a non-attorney any more than the possibility that a complaint will go unanswered could justify a filing of lawsuit by a non-attorney.

The Court is well aware that other bankruptcy courts may view this matter differently and provide by decision or local rule to permit non-attorneys to file requests for the payment of unclaimed property.[3] While this Court respects that alternative view, it disagrees with it and is not bound by it. This Court instead believes that the interests of justice and the integrity of this Court are best served by requiring that an attorney file a motion seeking payment of unclaimed property, and that conversely, the filing of such a motion by a non-attorney is the unauthorized practice of law.

**AND NOW**, this **6th** day of **April, 2010,** for the reasons stated above, it is **OR-DERED, ADJUDGED and DECREED** that the *Amended Motion for Payment of Unclaimed Funds* is **DISMISSED** without prejudice to refiling by a properly licensed attorney.

Hon. Judith H. Wizmur, Chief Bankruptcy Judge, denying a motion filed by a non-attorney seeking payment of unclaimed property pursuant to a limited power of attorney because it constituted the unauthorized practice of law).

---

**3.** Although previously the Court was informally advised by one of the non-attorney filers that this Court was the "only one known" not to permit non-attorneys to file this type of matter, that is in fact not true. *See, e.g., In re Gamarel Elec. Supply Co., Inc.*, 2009 WL 4257020 (D.N.J., Nov. 24, 2009) (letter from