2015 CO 61

**Concerning the APPLICATION FOR WATER RIGHTS OF TOWN OF MINTURN,**

**Opposer–Appellant: J. Tucker, Trustee,**

**v.**

**Applicant–Appellee: Town of Minturn,**

**and**

**Opposers–Appellees: Battle South, LLC; Battle North, LLC; Battle One Developer, LLLP; and Battle One A Developer, LLC,**

**and**

**Appellee Pursuant to C.A.R. 1(e): Water Division No. 5 Engineer,**

Supreme Court Case No. 14SA295

Supreme Court of Colorado.

October 26, 2015

J. Tucker, Trustee, pro se.

Attorneys for Applicant–Appellee: Holland & Hart LLP, Arthur B. Ferguson, Jr., Meghan N. Winokur, Kylie J. Crandall, Aspen, Colorado.

Attorneys for Opposers–Appellees: Trout, Raley, Montaño, Witwer & Freeman, P.C., Bennett W. Raley, Lisa M. Thompson, Denver, Colorado.

No appearance by or on behalf of Water Division No. 5 Engineer.

JUSTICE GABRIEL delivered the Opinion of the Court.

¶ 1 This appeal requires us to decide whether a non-attorney trustee of a trust may proceed pro se before the water court. Opposer-appellant J. Tucker, Trustee, appeals the water court's order ruling that as trustee of a trust, he was not permitted to proceed pro se because he was representing the interests of others. He further appeals the water court's order granting applicant-appellee Town of Minturn's application for a finding of reasonable diligence in connection with a conditional water right (the Application). Tucker asserts that the water court erred in granting the Application because its supporting verification was deficient.

¶ 2 Addressing a matter of first impression in Colorado, we conclude that the water court correctly ruled that as a non-attorney trustee, Tucker could not proceed pro se on behalf of a trust. In light of this determination, we decline to address Tucker's arguments on the merits regarding the sufficiency of the verification. Accordingly, we affirm.

## I. Facts and Procedural History

¶ 3 In May 2012, Minturn filed its verified Application.

¶ 4 In his capacity as trustee of an undisclosed trust, Tucker, proceeding pro se, filed a Statement of Opposition to the Application. Thereafter, during a case management conference, the water court questioned whether Tucker, in his capacity as a trustee, could proceed pro se, given that he was not an attorney but was representing the interests of others. Because Tucker was not prepared to address this issue, the court issued an order requiring Tucker to show cause in writing within seven days why he should be allowed to proceed as a trustee without counsel. Alternatively, the court ruled that Tuck-

er could have counsel enter an appearance by the deadline for his response to the show cause order.

¶ 5 Tucker subsequently filed a response, arguing that pursuant to C.R.C.P. 17(a), he was permitted, as a matter of law, to act in his own name as trustee for the benefit of others. He further argued that he had the right to represent himself in doing so. He did not, however, provide any information about the trust, its beneficiaries, or the trust agreement under which he purportedly was acting.

¶ 6 The water court was unpersuaded and ruled that Tucker, as a non-attorney, could not properly represent the trust in a water proceeding before the water judge. The court thus ordered Tucker to have counsel enter an appearance on behalf of the trust by September 20, 2014. The court further stated that if Tucker did not do so, then his statement of opposition and all pleadings and motions that he filed would be stricken.

¶ 7 Tucker did not thereafter have counsel enter an appearance, and although the water court does not appear to have entered an order striking Tucker's previously filed pleadings, it ultimately granted Minturn's Application and entered a judgment and decree in Minturn's favor.

¶ 8 Tucker now appeals.

## II. Analysis

### A. Trustee's Right of Self–Representation

¶ 9 Tucker first argues that the water court erred in denying him the right to represent himself notwithstanding the fact that he was acting as a trustee for an undisclosed trust. We are not persuaded.

¶ 10 We review the water court's legal conclusions de novo. *Cherokee Metro. Dist. v. Simpson*, 148 P.3d 142, 150 (Colo. 2006).

¶ 11 The relationship between a trustee and a beneficiary is fiduciary in nature. 1 Austin Wakeman Scott, William Franklin Fratcher & Mark L. Ascher, *Scott & Ascher on Trusts* § 2.1.5, at 37 (5th ed. 2006). "A fiduciary relationship involves a duty on the part of the fiduciary to act for the benefit of the other party as to matters within the scope of the relationship." *Id.* at 38. Thus, in every trust, "there is something more than a merely personal relationship between trustee and beneficiary; there is a duty on the part of the trustee to deal with the property for the benefit of another." *Id.* § 2.1.6, at 38. In this way, a trustee acts as a representative of the trust beneficiaries' interests.

¶ 12 Although we have not previously considered whether a trustee may proceed pro se on behalf of a trust in a litigation matter, we have made clear in a number of other contexts that a party who is not an attorney may not, without counsel, represent the interests of others in a litigation matter. *See, e.g., People v. Adams*, 243 P.3d 256, 261 (Colo. 2010) (concluding that a non-attorney engaged in the unauthorized practice of law when he pursued certain subcontractors' claims in a representative capacity in bankruptcy court); *People ex rel. MacFarlane v. Howard*, 612 P.2d 1081, 1081 (Colo. 1977) (enjoining a disbarred attorney, in the context of an unauthorized practice of law proceeding, from appearing before any court or administrative agency in Colorado in propria persona as trustee for any trust for which he might be trustee); *see also In re Marriage of Kanefsky*, 260 P.3d 327, 331 (Colo. App. 2010) (concluding that because the conservators in a case were not licensed attorneys, they could not represent the protected person in court proceedings without an attorney).

¶ 13 As we reasoned in *Adams*, 243 P.3d at 266, "The purpose of the bar and our admission requirements is to protect the public from incompetent legal advice and representation." Non-attorneys are thus prohibited from undertaking activities that require the exercise of legal discretion or judgment on behalf of others. *Id.*

¶ 14 Applying similar reasoning, courts that have addressed the question presented here have concluded that a trustee who is not an attorney may not represent a trust pro se in a litigation matter. *See, e.g., Marin v. Leslie*, 337 Fed.Appx. 217, 219–20 (3d Cir. 2009); *Knoefler v. United Bank*, 20 F.3d 347, 348 (8th Cir. 1994); *C.E. Pope Equity Trust*

*v. United States,* 818 F.2d 696, 697–98 (9th Cir. 1987).

¶ 15 In *C.E. Pope,* 818 F.2d at 697, for example, the Ninth Circuit observed that although a trustee who is not an attorney may appear in propria persona on his own behalf, that privilege is personal to him, and he has no authority to appear as an attorney on behalf of others. The court reasoned that the non-attorney trustee's status was as a fiduciary, and because he was not the actual beneficial owner of the claims being asserted by the trusts at issue, he could not be viewed as a party conducting his own case personally. *Id.* Thus, he could not claim that his status as trustee included the right to present pro se arguments on behalf of the trust. *Id.* at 698.

¶ 16 The Ninth Circuit's analysis in *C.E. Pope* is consistent with our own analyses in cases in which a non-attorney seeks to represent the interests of others in litigation, *see, e.g., Adams,* 243 P.3d at 261; *Howard,* 612 P.2d at 1081, and we find the Ninth Circuit's analysis persuasive here. Accordingly, we conclude that a trustee who is not an attorney may not proceed pro se on behalf of a trust in a litigation matter, and we therefore affirm the water court's order precluding Tucker from doing so.

¶ 17 We are not persuaded otherwise by Tucker's argument that C.R.C.P. 17(a) allowed him to proceed pro se in his capacity as a trustee. C.R.C.P. 17(a) provides, in pertinent part, "Every action shall be prosecuted in the name of the real party in interest; but a . . . trustee of an express trust . . . may sue in his own name without joining with him the party for whose benefit the action is brought." Although this rule allows a trustee to sue in his or her own name, we perceive nothing in the rule, and Tucker cites no applicable authority, that allows a trustee to proceed pro se in representing the interests of a trust. *Cf. C.E. Pope,* 818 F.2d at 698 (noting that although Fed. R. Civ. P.

17(a) authorizes a trustee of an express trust to sue on behalf of the trust without joining persons for whose benefit the action is brought, that rule does not warrant the conclusion that a non-attorney can maintain a suit in propria persona).

 ¶ 18 We likewise are unpersuaded by Tucker's assertion that the water court violated his right to due process when it purportedly denied his right to self-representation. For the reasons set forth above, a non-attorney trustee is not entitled to proceed pro se on behalf of a trust. The water court explained this concept to Tucker and gave him an opportunity to retain counsel, but Tucker, for reasons that the record does not disclose, steadfastly refused to do so. In these circumstances, we perceive no violation of any of Tucker's constitutional rights. *Cf. Woodford Mfg. Co. v. A.O.Q., Inc.,* 772 P.2d 652, 654 (Colo. App. 1988) (concluding that requiring a corporation to appear through an attorney did not deprive it of due process).

## B. Minturn's Verified Application

¶ 19 Tucker next asserts that the water court erred in approving Minturn's Application because the verification supporting the Application was deficient in a number of respects. In light of our conclusion that Tucker could not proceed pro se on behalf of a trust, we decline to address this merits issue.

## III. Conclusion

¶ 20 For these reasons, the water court's orders are affirmed.