**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3178
_____

LIVING TRUST OF LUKUNDA MUHAMMAD

v.

JOSEPH J. SHELTON; JAMES T. CALLAHAN; EDWARD J. CURLY; TERRANCE
E. MCGOWAN; JASON GEORGE; CENTRAL PENSION FUND IUOE; PENSION
BENEFIT GUARANTY CORPORATION; OPERATING ENGINEERS LOCAL 139

LUKUNDA MUHAMMAD,
                                                      Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:23-cv-23304)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2025
Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 15, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lukunda Muhammad appeals from the order of the United States District Court for the District of New Jersey dismissing the lawsuit he initiated ostensibly on behalf of a living trust bearing his name. We will summarily affirm.

I.

In December 2023, Muhammad filed a *pro se* complaint naming the Living Trust of Lukunda Muhammad as the sole plaintiff against several entities and individuals[1] in connection with certain pension benefits he claims he did not receive. The District Court dismissed the complaint without prejudice on defendants' motions nearly five months later, succinctly explaining that the trust "is an entity and cannot represent itself and/or have a representative of the trust act *pro se*." See ECF Doc. 35 at 2 (citing, *inter alia*, Marin v. Leslie, 337 F. App'x 217 (3d Cir. 2009) (nonprecedential); Van De Berg v. C.I.R., 175 F. App'x 539, 541 (3d Cir. 2006) (nonprecedential)). The court gave Muhammad 60 days to secure counsel and admonished him that his failure to do so would result in dismissal with prejudice.

Muhammad did not heed the District Court's warning. Instead, from April to September 2024, he filed a series of discovery demands and letters in which he denied

---

[1] The defendants include the International Union of Operating Engineers, Local 139; the Central Pension Fund (the union's employee benefit plan); the Fund's CEO Joseph J. Shelton; four of the Fund's trustees, James T. Callahan, Edward J. Curley, Terrance E. McGowan, and Jason George; and Pension Benefit Guaranty Corporation, the federal agency charged with administering and enforcing the nation's defined benefit pension plan insurance program under Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1301 *et seq.*

that the laws of the United States applied to (self-proclaimed) "sovereign[s] of the Moorish Empire" such as him.  See, e.g., ECF Doc. 37 at 3.  On September 19, 2024, the District Court issued a notice of call for dismissal for lack of prosecution pursuant to Local Civil Rule 41.1(a).  The notice invited Muhammad to show by affidavit the good-faith efforts he undertook to prosecute the case, but he did not respond.  The court then assessed the factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), found that Muhammad did not comply with its order to secure counsel and failed to prosecute the case for more than three months, and dismissed his complaint with prejudice.  Muhammad appeals and appellees have moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we review dismissals for failure to prosecute for abuse of discretion.  See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

## III.

District Courts have authority—both inherent and by virtue of Federal Rule of Civil Procedure 41(b)—to dismiss an action *sua sponte* when a litigant fails to comply with court orders or otherwise fails to prosecute.  See Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Eash v. Riggins Trucking, Inc., 757 F.2d 557, 561, 564 (3d Cir. 1985) (*en banc*)).  Before dismissing a case with prejudice under Rule 41(b), courts in our Circuit ordinarily must

consider the six factors outlined in Poulis: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Briscoe, 538 F.3d at 258 (quoting Poulis, 747 F.2d at 868). When a litigant's conduct makes adjudicating the case impossible, however, courts need not balance the Poulis factors. See Spain, 26 F.3d at 455.

The District Court did not abuse its discretion in dismissing Muhammad's complaint with prejudice. It is well-settled that "artificial entities" like corporations and trusts "may appear in the federal courts only through licensed counsel." See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (citing, *inter alia*, Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966) (*per curiam*)); United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996). Thus, the District Court correctly advised Muhammad that he could not represent his living trust *pro se*, and it afforded him ample time to find an attorney to assume control of the litigation; indeed, more than six months had elapsed between the initial and final orders of dismissal. Muhammad declined the opportunity notwithstanding the court's warning about the consequences, opting instead to file sovereign-citizen-style broadsides baldly denying the District Court's authority. See United States v. Taylor, 21 F.4th 94, 101 n.6

(3d Cir. 2021) (collecting cases describing the general belief of so-called "sovereign citizens" that "they are neither subject to federal law nor federal courts' jurisdiction").

Although Muhammad's contumacious conduct alone would have warranted dismissal under the circumstances, see Spain, 26 F.3d at 455, the District Court weighed the Poulis factors and concluded that they favored dismissal as well. The court found Muhammad personally responsible for delaying the prosecution of the case by willfully failing to comply with the order to secure counsel and by engaging in a "consistently dilatory" course of conduct over several months redounding to the defendants' detriment. See ECF Doc. 49 at 2. Given Muhammad's intransigence, the court determined that no sanction less than dismissal with prejudice would serve the ends of justice. Muhammad does not meaningfully contest the court's analysis on its merits and we discern no error on the record before us. As the District Court clearly did not abuse its discretion in dismissing Muhammad's complaint, his appeal does not present a substantial question. Accordingly, we grant appellees' motions and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.