20 F.3d 347
 73 A.F.T.R.2d 94-1745
 Ray KNOEFLER and Ray Knoefler, d/b/a Knoefler Honey Farms, Appellants,
v.
UNITED BANK OF BISMARCK and United States of America, Appellees.
Golden HONEY, By and Through Greg SHEPHERD, Trustee, Appellant,
v.
UNITED BANK OF BISMARCK and United States of America, Appellees.
CROUSE 05-27K, By and Through Bob J. SMITH, Appellant,
v.
UNITED BANK OF BISMARCK and United States of America, Appellees.
 Nos. 93-1844, 93-1858 and 93-1859.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 14, 1994.
Decided March 31, 1994.
Rehearing and Suggestion for Rehearing En Banc Denied May 13, 1994.
 
 David L. Peterson and Gerry Gunderson, Bismarck, ND, for United Bank of Bismarck.
 Michael L. Paup, Gary R. Allen, William S. Estabrook, and Paula K. Speck, Washington, DC, for U.S.
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 HANSEN, Circuit Judge.
 
 
 1
 Each of the appellants seeks to appeal each of three separate judgments rendered in the United States District Court[1] for the District of North Dakota. One judgment was in favor of the United Bank of Bismarck (the Bank) in its wrongful levy suit against the United States; the second was in favor of the United States in an interpleader action brought to determine rights to certain fire insurance proceeds; and the third judgment dismissed as moot a declaratory judgment action brought by the Bank against these appellants and others seeking to establish lien priorities with respect to other property.
 
 
 2
 We dismiss the appeals in Nos. 93-1858 and 93-1859 for the reason that those appeals are brought by the trustees of "Crouse 05-27K" and "Golden Honey" or "Knoefler Honey Farms (a Trust)" acting pro se. None of the appellant trusts is represented in this court by a licensed member of the bar. Both the notices of appeal and the briefs in these appeals were signed by trustees acting pro se. A nonlawyer, such as these purported "trustee(s) pro se" has no right to represent another entity, i.e., a trust, in a court of the United States. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir.1987) ("He may not claim that his status as trustee includes the right to present arguments pro se in federal court."); 28 U.S.C. Sec. 1654.
 
 
 3
 We also dismiss No. 93-1844 brought by Ray Knoefler, an individual. While Mr. Knoefler does not suffer from the same legal disability as the purported trustees, he cannot appeal the district court's judgment in the wrongful levy suit because he was never a party to it. Nor can he appeal the judgment entered in the insurance proceeds interpleader case because he never made a claim in the district court to any of the insurance proceeds. (See Appellee United States of America's Adden., order of the district court, March 1, 1993, determining proper parties.) While he was a named individual defendant in the declaratory judgment action and is entitled to take a pro se appeal from the judgment dismissing that case as moot, all of the arguments he makes in his pro se brief are directed to the issues raised in either the wrongful levy or interpleader actions. He makes no attack on the mootness determination, a dismissal which was to his advantage. Knoefler's attempt in his reply brief to "concede" that the "trusts" are really his "alter egoes [sic]" or nominees is belied by the fact that the purported "trustee(s) pro se" continue in their attempts to represent the trusts by signing and submitting the reply brief.
 
 
 4
 Accordingly, these appeals are dismissed.
 
 
 
 [1]
 The HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota