**AMOCO PRODUCTION COMPANY,**
Plaintiff,

v.

**ASPEN GROUP, Floyd R. Hester, Carol B. Hester, and United States of America, Defendants.**

No. CIV. A. 97–B–2630.

United States District Court,
D. Colorado.

Nov. 3, 1998.

John R. Riley, Montgomery Little & McGrew, P.C., Englewood, CO, for Plaintiff.

Mark S. Pestal, Asst. U.S. Atty., Denver, CO, Arthur P. Yoon, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

Floyd R. Hester, Carol B. Hester, Durango, CO, for pro se.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant United States of America ("the government"), pursuant to Rules 12(b)(1) and 12(b)(6), moves to dismiss the cross-claims filed by defendants Floyd R. Hester and Carol B. Hester (collectively, "the Hesters"). The Hesters filed a response to the government's motion on October 28, 1998. Also pending for resolution is the Court's show cause order, issued on July 27, 1998 and responded to by the Hesters on August 17, 1998, regarding their inability to appear in federal court on behalf of defendant Aspen Group ("The Aspen Group"). The issues are adequately briefed and oral argument will not materially aid their resolution. For the reasons set forth below, I grant, in part, and deny, in part, the government's motion to dismiss. I also strike the answer and claim filed on July 24, 1998 by the Hesters on behalf of The Aspen Group.

## I. THE GOVERNMENT'S MOTION TO DISMISS

### a. Legal Standards Applicable to Motions to Dismiss

#### 1. *Pro Se Pleading Standards*

Rule 12(b)(6) states that a court may dismiss a cross-complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The cross-complaint should not be dismissed under Rule

12(b)(6) unless it appears "beyond doubt" that the cross-complainant can prove no set of facts in support of his cross-claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *accord Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.1988). In reviewing the sufficiency of the cross-complaint, a court must presume that the cross-complainant's factual allegations are true and construe them in a light most favorable to him. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *accord Meade,* 841 F.2d at 1526.

■ I construe the Hesters' pleadings liberally and as a whole because they appear *pro se.* In *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), the Tenth Circuit Court of Appeals established the legal standards by which a *pro se* complaint is measured in this circuit:

> A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant.
>
> The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be

based. This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall,* 935 F.2d at 1110 (citations omitted).

■ One must read Rule 12(b)(6) in conjunction with Rule 8(a), which establishes the requirements for adequately pleading a claim in federal court. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it must give the defending party fair notice of what the litigant's claim is and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A litigant is not required to state precisely each element of the claim. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 (1990 & Supp. 1997). Nonetheless, a litigant must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). A court may not assume that a litigant can prove facts that it has not alleged, or that the defending party has violated laws in ways that the litigant has not alleged. *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

### 2. *Sovereign Immunity*

■ Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir.1994). Statutes

conferring jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002–1003 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *Id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.*

The United States may not be sued without its consent. *See Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir.1992). A waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not extend beyond the explicit language of the statute. *Id.* at 1203. Consequently, a taxpayer must show an express waiver or sovereign immunity authorizing an action against the government. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir.1990). If waiver does not exist, the district court must dismiss the action for lack of subject matter jurisdiction. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989).

#### b. Analysis of the Government's Motion to Dismiss

In their cross-claim, the Hesters assert a myriad of allegations in 31 separate paragraphs which I construe liberally. Paragraphs 1–5 set forth purported facts and do not constitute claims *per se*. Paragraphs 12–13 generally deny their tax liability and, therefore, are defenses rather than cross-claims. Paragraphs 17 and 21 raise statute

of limitations defenses and, therefore, are not claims. Paragraphs 25–30 pertain to alleged damages. Paragraph 31 is a prayer for relief requesting restitution damages. Thus, only paragraphs 6–11, 14–16, and 21–24 set forth allegations that could form the basis of a claim for relief.

Paragraphs 6, 11, 14–16, 18, 20, and 22–24 present a facial challenge to the constitutionality of income tax laws and tax levy procedures. These paragraphs, individually and when considered as a whole, fail to state claims upon which relief can be granted because the constitutionality of the income tax laws and tax collection procedures have been consistently upheld by the federal courts. *See, generally, Lonsdale*, 919 F.2d at 1447–1448 (collecting cases) (rejecting many of the same arguments asserted by the Hesters). To the extent the Hesters' cross-claims present facial challenges to the constitutionality of income tax laws and levy procedures, I dismiss such claims.

Paragraphs 7–10 and 19, considered together, allege that the government failed to provide adequate notice of the levy in violation of deficiency collection procedures (citing 26 U.S.C. §§ 6323(a), 6323(f), 6335(a) & 6502(b)). The Hesters further allege that the government's non-compliance was "willful." (Cross Claim ¶ 31.) In its motion to dismiss, the government argues that the only cognizable cause of action implicated by the Hesters' cross-claim is 26 U.S.C. § 7433, which states, in relevant part:

Civil damages for certain unauthorized actions

(a) In general.——If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [regarding civil damages for failure to release a tax lien], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433 (1997). The government avers that the Hesters fail to allege any reckless or intentional conduct. The government apparently overlooks the allegation of "willful" conduct that, when construed liberally and in conjunction with paragraphs 7–10 and 19, states a claim upon which relief can be granted under § 7433. Further, and as conceded by the government, § 7433 constitutes a waiver of sovereign immunity and creates a basis for subject matter jurisdiction. To the extent the Hesters alleging unauthorized collection of a federal tax in violation of § 7433, that claim remains viable at this juncture.

## II. SHOW CAUSE ORDER

Plaintiff, Amoco Production Company, commenced this interpleader action on December 16, 1997. On July 24, 1998, a pleading entitled "The Aspen Group's Answer and Claim" was filed and signed as follows:

/s/ Carol B. Hester
Carol B. Hester, Trustee

/s/ Floyd R. Hester
Floyd R. Hester, Trustee

c/o 1035 Sundance Circle

(Answer and Claim filed 7/24/98.) Because an attorney has not entered an appearance on behalf of The Aspen Group, and because neither of the Hesters are admitted to the bar of this court, I ordered The Aspen Group show cause why its answer and claim should not be stricken for failure to comply with the federal law and the local rules of this court. (Ord. of 7/27/98 (citing D.C.COLO.LR 83.5(D)).)

On August 17, 1998, the Hesters filed an answer to the show cause order on behalf of The Aspen Group, signed as follows:

/s/ Floyd R. Hester
Floyd R. Hester, Trustee

In response to the show cause order, Floyd R. Hester, as "Trustee" for The Aspen Group, states: "The Aspen Group is an irrevocable, complex trust, created under the right of contract provided by the Constitution for the United States of America, and recognized as a legal person." (Answer to Show Cause Order filed 8/17/98 ¶ 2.) He further states: "The powers of the Aspen Group as Trustees are to be construed as general powers of a Citizen of the United States of America, including the power to perform as agents for the surface or mineral rights owned by the trust." (*Id.* ¶ 3.)

 It has been the law, for the better part of two centuries, that corporations, partnerships, and unincorporated associations may appear in federal court only through a licensed attorney. *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 829, 6 L.Ed. 204 (1824). The Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789), provided that "in all the courts of the United States, the parties may plead and manage their own causes personally ...." Similar language is now found at 28 U.S.C. § 1654, which states:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Although it appears the Tenth Circuit court of Appeals has not addressed this issue, the federal courts have uniformly held that § 1654 does not allow corporations, partnerships, or other associations, including trusts, to appear in federal court except through a licensed attorney. *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (trust); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir.1991) (partnership); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.1989) (nonprofit corporation formed by prison inmates); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (trust); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir.1976) (*per curiam*) (corporation); *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir.1976) (*per curiam*) (corporation). As the United States Supreme Court has recognized, this rule applies equally to "all artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). While The Aspen Group may be a legal entity, it is an artificial entity. It cannot act except

through people who have the authority to act on its behalf. Because § 1654 and the local rules of this Court do not permit non-attorneys to represent anyone else other than themselves, I strike the answer filed by the Hesters on behalf of The Aspen Group.

Nor are the Hesters entitled to appear *pro se* in defense of their interests as beneficiaries of The Aspen Group. They are trustees who, by their own admission, do not have "any beneficial interest in The Aspen Group." (Answer of the Hesters ¶ 35.) They are not the actual beneficial owners of any right being asserted by The Aspen Group and, therefore, cannot be viewed as parties conducting their "own case personally" within the meaning § 1654.

Accordingly, I ORDER that:

(1) defendant United States of America's motion to dismiss is DENIED as to the Hesters' cross-claim for unauthorized collection of a federal tax in violation of 26 U.S.C. § 7433, but otherwise GRANTED; and

(2) the "Answer and Claim" filed on behalf of defendant Aspen Group by Floyd R. Hester and Carol B. Hester on July 24, 1998, is STRICKEN;