UNITED STATES of America, Plaintiff

v.

Iolanda PONTE, Trustee, Edward and Iolanda Ponte Memorial Trust; and Paula Stone a/k/a Fauna Stone, Trustee, Samsara Memorial Trust, Defendants

No. CIV. 99–281–B–H.

United States District Court,
D. Maine.

Nov. 4, 2002.

James M. Moore, Assistant United States Attorney, United States Attorney's Office, Bangor, ME, for United States of America, Plaintiff.

Iolanda Ponte, Bar Harbor, ME, pro se.

Paula Stone, Bar harbor, pro se.

## ORDER

HORNBY, Chief Judge.

Judge Singal has recused himself in this case, and it has been assigned to me. Since the Magistrate Judge previously told the parties that Judge Singal had indicated that if there was not agreement to his presiding over the case he would not only recuse, but also vacate prior orders he had entered, I now VACATE all Judge Singal's orders. As a result, there is no longer a Consent Judgment (Docket Item # 66), there is no longer a Default Judgment (Docket Item # 49), and the order denying the motion to dismiss filed by Iolanda Ponte, Trustee, and ostensibly by the Edward and Iolanda Ponte Memorial Trust (Docket Item # 40) is VACATED.

I now DENY the same motion to dismiss (Docket Item # 40). No grounds for dismissal were given in the motion, and a nonlawyer cannot represent an entity such as a trust in federal court. *Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir.1994); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697–98 (9th Cir.1987).

I also DENY the defendants' request for jury trial and for restraint of trespass by the United States (Docket Item # 46) as no adequate grounds for such relief have been provided.

The defendants have filed notice that they have dismissed Attorney Cloutier as their lawyer (Docket Item # 70). His motion to withdraw (Docket Item # 69) is therefore GRANTED.

On the various motions filed on October 10, 2002, on behalf of Iolanda Ponte and Paula Stone, Trustees (Docket Item # 70), the only request that has not been addressed is the motion to enter their proposed consent judgment. That motion is DENIED.

The defendants' motion for Judge Singal to recuse and vacate all his orders (Docket Item # 71) is MOOT.

The status of the case now is as follows:

1. The Edward and Iolanda Ponte Memorial Trust is in default. See entry of default of May 11, 2000 (Docket Item # 13).

**2**

2. Iolanda Ponte, Trustee, and the Edward and Iolanda Ponte Memorial Trust, on the one hand, and the United States, on the other hand, entered into a settlement agreement that was filed with the court on May 1, 2001 (Docket Item # 28). The United States has moved to enforce that settlement agreement (Docket Item # 31), or in the alternative to enter default judgment against Iolanda Ponte and the Edward and Iolanda Ponte Memorial Trust. That motion is in order for hearing.

3. The Samsara Memorial Trust is in default on the Amended Complaint (Docket Item # 38). See entry of default of April 11, 2002 (Docket Item # 45).

4. Paula (Fauna) Stone, Trustee, is in default on the Amended Complaint. See entry of default of April 11, 2002.

5. Iolanda Ponte, Trustee, is in default on the Amended Complaint. See entry of default of April 11, 2002.

6. The United States' Motion for Default Judgment against Iolanda Ponte, Trustee, the Samsara Memorial Trust, and Paula (Fauna) Stone, Trustee, is in order for hearing (Docket Item # 44).

The Clerk's Office shall schedule this case for hearing on the motions for enforcement of settlement agreement and to enter default judgments.

The defendants are reminded once again that the Trusts, which have already been defaulted, cannot be represented in federal court by laypeople, but only by duly licensed lawyers admitted to practice in this court.

All parties are placed on notice that this case, which is now almost three years old, will not be allowed to languish further.

So Ordered.