**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4109
_____

IN RE: THOMAS W. OLICK

THOMAS W. OLICK

v.

CITY OF EASTON
(Bankruptcy E.D. Pa. 12-00444)

THOMAS W. OLICK

V.

CITY OF EASTON; NORTHAMPTON COUNTY; WILLIAM MURPHY; SAL
PANTO; PORTNOFF LAW ASSOCIATES; HOWARD WHITE
(Bankruptcy E.D. Pa. 12-00628)

THOMAS W. OLICK

V.

CITY OF EASTON; NORTHAMPTON COUNTY; PORTNOFF LAW ASSOCIATES,
LTD.; SAL PANTO; HOWARD WHITE; WILLIAM MURPHY
(Bankruptcy E.D. Pa. 12-00631)

THOMAS W. OLICK,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5-13-cv-03158)
District Judge: Honorable William H. Yohn, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2014

Before: FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2014 )
_____

OPINION
_____

PER CURIAM

Thomas Olick, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District Court for the Eastern District of Pennsylvania affirming an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania. For the reasons that follow, we will affirm the judgment of the District Court.

Olick filed a Chapter 13 bankruptcy petition in 2007. In 2012, he filed three adversary proceedings against the City of Easton and other defendants claiming that the defendants were improperly seeking to collect real estate taxes for two properties. The Bankruptcy Court held a settlement conference for the three adversary proceedings on December 13, 2012. The transcript of the conference reflects that the Bankruptcy Judge met with the parties for a couple of hours and that a settlement was achieved.[1] The Bankruptcy Judge placed the terms of the settlement on the record and asked the City of Easton to draft a document memorializing the settlement. Counsel noted that City

_____

[1] Counsel for Northampton County, a party in two of the adversary proceedings, did not attend and is not a party to the settlement.

2

Council would have to approve the settlement at its next meeting. The next day, the Bankruptcy Court issued an order stating that the parties had reached a global settlement resolving the three adversary proceedings, that the terms were placed on the record, and that a stipulation must be filed by February 13, 2013.

The parties were unable to agree upon a written stipulation encompassing the terms of the settlement agreement. On March 8, 2013, the Bankruptcy Court issued an order setting forth the terms of the settlement, which include the exchange of payments between the City of Easton and Olick, an injunction against the City from instituting collection activity for real estate taxes on the two properties for certain tax years, and the discontinuation of certain state court actions involving taxes on the same properties. The order also required the parties to release all claims related to the dispute.

Olick filed a motion for reconsideration asserting that the Bankruptcy Court should not have included the Olick Family Trust in the release of claims against the defendants.[2] Olick argued that the Trust had not appeared in Bankruptcy Court or entered into the settlement. The Bankruptcy Court denied the motion and explained that it was clear from the settlement discussions that the settlement was intended to be a global settlement resolving all claims of all parties relating to the taxes allegedly owed on the real property. The Bankruptcy Court found disingenuous Olick's suggestion that its

---

[2]The Olick Family Trust is a party in state court litigation involving the properties at issue and appears to have an ownership interest in one of the properties. Olick states that he is the Trustee and that the beneficiaries are his two children.

3

order misstated the settlement because the parties intended to allow the Olick Family Trust, an entity controlled by Olick, to retain claims.

Olick appealed the Bankruptcy Court's decision to District Court. The District Court ruled that the Bankruptcy Court's findings that the parties had reached a global settlement and that the Olick Family Trust had released its claims against the defendants were not clearly erroneous. The District Court recognized that the Trust is not mentioned in the transcript of the December 13, 2012 conference, but noted that the settlement discussion and agreement occurred off the record, and that the transcript reflects that the parties reached a global settlement that dismissed all disputes involving claims about the taxes on the two properties. The District Court also noted that Olick confirmed that he is the Trustee of the Trust and did not dispute that he has the authority to bind the Trust for purposes of a settlement agreement. The District Court agreed with Olick that he could not act as counsel for the Trust but stated that, as Trustee, Olick could enter into an agreement on its behalf without counsel. The District Court affirmed the Bankruptcy Court's March 8, 2013 order and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). Our review of the legal conclusions of the District Court and Bankruptcy Court is de novo. In re Nortel Networks, Inc., 669 F.3d 128, 137 (3d Cir. 2011). We review the Bankruptcy Court's factual findings for clear error. Id.

In his present appeal, Olick pursues his argument that the Bankruptcy Court erred by including the Olick Family Trust in the release provision of the settlement order. He

4

contends that the Bankruptcy Court materially changed the terms of the settlement without his consent. We disagree. The transcript of the conference reflects that Olick agreed, based on the consideration he was receiving, that any state court actions raising the same claims as the adversary proceedings would be withdrawn, and that it was the intent of the parties to settle all disputes involving taxes on the two properties. 12/13/12 Trans. at 12-13. As the Trust is a party to litigation in state court, the Bankruptcy Court's inclusion of the Trust in the release provision effectuates the parties' intent to settle all disputes.[3] Like the District Court, we find no clear error in the Bankruptcy Court's finding that the parties did not intend that the Trust, an entity controlled by Olick, would retain claims against the defendants. We also find without merit Olick's related contention that City Council rejected the tentative settlement reached at the conference and made a counter offer when it added the Trust as a party in its draft of a settlement agreement. The City's draft agreement was simply its attempt to memorialize the settlement that was reached at the conference.

Olick also contends that the Trust's due process rights were violated because the Trust was not a party to the proceedings in Bankruptcy Court. Olick's assertions in this regard are not based his own rights, but on the rights of a third party. The third-party standing doctrine generally bars litigants in federal court from asserting the

---

[3]Olick states that his children, who have an ownership interest in one of the properties, did not participate in the settlement. As noted by the District Court, it is not clear whether the children are subject to the settlement.

constitutional and statutory rights of others in an effort to obtain relief for injury to themselves. See Kane v. Johns-Manville Corp., 843 F.2d 636, 643-44 (2d Cir. 1988) (addressing third-party standing in bankruptcy context). Although third-party standing may be permitted in special circumstances, we cannot conclude that Olick, a pro se litigant, is an adequate proponent of the Trust's rights. See id. Indeed, as Olick recognizes, he may not represent the Trust in federal court because he is not an attorney and without counsel the Trust may not appear in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (noting that corporations and other artificial entities may appear in federal court only through counsel); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) (holding pro se trustee could not represent trust on appeal). Thus, we do not consider Olick's arguments that are based on the rights of the Trust.

Accordingly, we will affirm the judgment of the District Court.