[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10607

_____

D.C. Docket No. 0:18-cv-61422-BB
Bkcy. No. 0:17-bkc-22819-RBR

J.J. RISSELL, ALLENTOWN, PA TRUST,

Plaintiff-Appellant,

versus

SPIRO MARCHELOS,

Defendant-Appellee.

_____

No. 19-10608

_____

D.C. Docket No. 0:18-cv-61927-BB
Bkcy. No. 0:17-bkc-22819-RBR

J.J. RISSELL, ALLENTOWN, PA TRUST,

Plaintiff-Appellant,

versus

SONEET KAPILA,

Defendant-Appellee.

_____

No. 20-11357

_____

D.C. Docket No. 0:18-cv-61945-RAR
Bkcy. No. 0:17-bkc-22819-RBR

JOHN A. MOFFA, as Trustee of The J.J. Rissell, Allentown, PA Trust,

Plaintiff-Appellant,

versus

SONEET R. KAPILA,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 25, 2020)

Before WILLIAM PRYOR, Chief Judge, TJOFLAT and HULL, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

In all three of these bankruptcy appeals, Stephen Breuer of Moffa & Breuer, PLLC, filed the notice of appeal and purports to represent the J.J. Rissell Trust. But the bankruptcy court disqualified attorney John Moffa and the Moffa & Breuer firm from representing the Trust. Because the Trust was a 50 percent shareholder

2

of the debtor created to ensure that Moffa & Breuer would collect its legal fees, the bankruptcy court concluded that Moffa & Breuer's representation of a shareholder in which it had a business interest conflicted with its simultaneous representation of the debtor. Moffa & Breuer repeatedly ignored the bankruptcy court's disqualification order. In fact, John Moffa, purportedly *pro se* in his capacity as trustee of the Trust and as an attorney for related entities, went so far as to file a competing plan of reorganization in the bankruptcy court that would have released the debtor's claims against his firm and made him president of the reorganized debtor. But Moffa & Breuer remains disqualified. None of the notices of appeal in these three appeals was filed by an authorized representative of the Trust, and each is a nullity. Because the notices of appeal are invalid, we dismiss these appeals.

To be sure, the Supreme Court has said that an appeal should not be dismissed based on the "mere technicalit[y]" of a defective notice. *Foman v. Davis*, 371 U.S. 178, 181 (1962). And to that end, this Court has recognized that "in some circumstances [a defective notice of appeal] may be adequate when the party's intent to appeal is 'objectively clear' from all of the circumstances." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006) (quoting Fed. R. App. P. 3(c) advisory committee's note to 1993 amendment). Despite the clear requirements of Federal Rule of Appellate Procedure 3(c), we have excused defective notices of appeal that failed to designate expressly the district court order appealed, *see KH*

3

*Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006), or to specify the parties taking the appeal, *see PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1210–11 (11th Cir. 2019), when the appellant's intent to appeal was clear from context.

But the deficiency here cannot be excused because it is not objectively clear that the Trust intended to appeal. A trust, like a corporation, "is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). And the decision whether to pursue a civil appeal belongs exclusively to the client. *See Soliman v. Ebasco Servs. Inc.*, 822 F.2d 320, 323 (2d Cir. 1987); Restatement (Third) of the Law Governing Lawyers § 22(1) (2000). There has been no indication of an intent to appeal from any qualified agent of the Trust, only from disqualified attorneys with Moffa & Breuer.

Stephen Breuer's decision to file a notice of appeal purportedly on behalf of the Trust is not evidence that the Trust intended to appeal, because Breuer was disqualified from representing the Trust. Nor are trustee John Moffa's *pro se* filings in the bankruptcy court evidence that the Trust intended to appeal, because John Moffa was also disqualified. By virtue of his disqualification from representing the Trust as a lawyer, John Moffa stands in the same position as a nonlawyer trustee. And a nonlawyer trustee has no authority to represent a trust in

4

court. A "trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law" if allowed to appear *pro se* as a nonlawyer. *EHQF Tr. v. S & A Capital Partners, Inc.*, 947 So. 2d 606, 606 (Fla. Dist. Ct. App. 2007); *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity . . . in a court of the United States." (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987))). John Moffa had no authority to act *pro se* in the bankruptcy court, so his filings do not suggest that the Trust intended to appeal.

There is no justification for excusing these defective notices of appeal because the circumstances do not make it clear that the Trust intended to appeal. When an appeal is taken on behalf of an artificial entity by someone without legal authority to do so, the appeal should be dismissed. *See United States v. El-Mezain*, 664 F.3d 467, 578 (5th Cir. 2011); *Knoefler*, 20 F.3d at 347–48.

So we **DISMISS** the appeals.

5