# IN THE COURT OF APPEALS OF IOWA

No. 23-0944
Filed November 13, 2024

**LOCHER & DAVIS, PLC,**
    Plaintiff-Appellee,

**vs.**

**RUTH F. WOLLER REVOCABLE TRUST,**
    Defendant.
_____

Appeal from the Iowa District Court for Dubuque County, Laura Parrish, Judge.

A defendant appeals the orders denying its motion for an extension of time to respond to plaintiff's request for admissions and its post-judgment motion to dismiss the petition for lack of service. **AFFIRMED.**

Herbert G. Woller, Sun City, Arizona, self-represented trustee of appellant.

Todd J. Locher of Locher & Davis PLC, Farley, for appellee.

Considered by Schumacher, P.J., Langholz, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**LANGHOLZ, Judge.**

Defending a lawsuit without the assistance of an attorney is perilous. While courts are mindful of those challenges, we must apply the same law to all parties— whether represented by attorneys or not. In the district court and on appeal, the Ruth F. Woller Revocable Trust has appeared through its self-represented trustee rather than an attorney.[1] And the trustee has filed well-written briefs and motions supported by legal authority—on par with those we see in many of our cases. Still, this case shows the perils of failing to follow the governing procedural rules.

The Locher & Davis law firm sued the trust to recover unpaid fees for legal services provided defending the trust in another lawsuit. After narrowly avoiding being shut out of the courtroom entirely with a default judgment, the trustee was warned "to familiarize himself with applicable Iowa law and Iowa Court Rules" and informed that the district court "expects timely adjudication of this controversy and will not accept repeat excuses for delay." Yet again, the trust failed to timely respond—this time to requests for admissions. And when the law firm moved for

---

[1] Neither the district court nor any party has questioned whether a trustee may appear without an attorney to defend a lawsuit against the trust or to appeal an adverse judgment against the trust. *Cf. Hawkeye Bank & Tr., Nat. Ass'n v. Baugh*, 463 N.W.2d 22, 25–26 (Iowa 1990) (holding that a closely held corporation may generally only appear in court through an attorney); *Timberline Builders, Inc. v. Donald D. Jayne Tr.*, No. 09-0168, 2010 WL 2383916, at *5 (Iowa Ct. App. June 16, 2010) (striking brief filed by corporation's president and holding that appeal would be dismissed if an attorney did not appear within thirty days); *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994) (holding that a self-represented trustee may not appeal on behalf of a trust in federal court). These questions have not yet been decided under Iowa law. And we decline to decide whether the appeal should be dismissed—or prolonged needlessly by striking the trust's brief and requiring refiling by an attorney—based on these questions of first impression and without adversarial briefing because we reach the same practical result affirming the district court judgment on the merits.

summary judgment based on the unanswered admission that the fees were owed and the trust asked for an extension of time to respond to the requests, the court denied the request, deemed the matter admitted, and granted summary judgment.

On appeal, the trust argues that the district court should have given it another chance. But under our deferential standard of review, we cannot say that the court abused its discretion in denying the trust's extension request. The trust also argues that the court should have granted its motion to dismiss for lack of service that it filed after entry of summary judgment. But the court did not err there either—at that point, the case was complete and it was too late to seek dismissal.

## I.      Background Facts and Proceedings

In September 2021, the law firm filed this lawsuit against the trust to recover $11,894.95 in unpaid legal fees and interest for the law firm's representation of the trust in litigation from 2013 to 2016. The law firm first tried to personally serve the trustee at his residence in Sun City, Arizona. Yet the process server reported that on the three times he tried to do so, there were two cars present and "active noises within the residence but no one would come to the door." So the law firm instead served the trustee under Iowa Code section 617.3(3) (2021) by filing the original notice and petition with the secretary of state and sending a copy by certified mail to the trustee at his residence about seven weeks after first filing suit.

After the trust failed to appear and answer or otherwise respond to the petition, the law firm applied for entry of default. The district court found the trust in default in February 2022. And two months later, the law firm moved for a default judgment in the amount of the unpaid fees plus interest and court costs. The next day, the trust petitioned to vacate the order of default. After a hearing held by

videoconference, the court set aside the default order and ordered the trust to file an answer within twenty days. The court reasoned that "viewed through a lens of prioritizing adjudication on the merits" the trust had shown good cause. But it ended its order with a warning: "Defendant is cautioned, however, that if he intends to continue representing himself in this matter that he will be expected to familiarize himself with applicable Iowa law and Iowa Court Rules. The Court expects timely adjudication of this controversy and will not accept repeat excuses for delay."

The trust soon answered the petition. And trial was set for May 2023. Not much else happened in the case until February 2023, when the trust unsuccessfully moved for the court to order mediation. And just before the discovery deadline—ninety days before trial—the law firm served requests for admissions and other discovery requests on the trust.

Thirty-one days later, when the trust had not responded to the requests for admission, the law firm moved for summary judgment. The law firm argued that there was no genuine issue of material fact because the trust's failure to respond admitted—and thus conclusively established—the matters requested, including an admission that "Defendant owes Plaintiff the principal balance of $11,894.95 plus interest." *See* Iowa Rs. Civ. P. 1.510(2), 1.511.

About two weeks later, the trust moved for an extension of time to respond to the admissions, resisted summary judgment, and served its late responses to the requests for admissions. The trust submitted an affidavit of the trustee in support of its extension request attesting that the trustee "underwent brain surgery" in December 2022 and has "experienced dizziness, fatigue, risk of falling while

walking, and balance issues." The trustee also said he had "not felt strong enough or had the energy to complete the discovery until now."

The court held a videoconference hearing on the trust's extension request and the law firm's summary-judgment motion in May 2023—nine days before the scheduled trial. The next day, the court denied the trust's request for an extension and granted the law firm summary judgment. The court first rejected the trust's argument that it had shown the delay was due to excusable neglect, reasoning that the trust did not make the extension request until after the law firm moved for summary judgment, two weeks late, and just six weeks before trial. And it noted that while the trust claimed the trustee's brain surgery two months before the requests for admissions were served had prevented its timely response, the trust had still filed its motion for mediation after the surgery without trouble. And "[n]othing in that motion, or any other filing, provided notice to the [law firm] or to the Court that [the trustee's] medical condition was affecting his ability to participate in this lawsuit." The court also found a second excuse raised at the hearing about mail difficulties was not credible and considered that it had already warned the trust of the need to follow the rules and not make repeated excuses for its delay. Finally, the court found that granting the extension would prejudice the law firm because permitting the late responses "would likely change the ruling on" the law firm's motion for summary judgment.

The court held the law firm was entitled to summary judgment because the trust's failure to respond to the requests for admissions conclusively established all material facts in the case, and thus no genuine issue of material fact existed.

And so, the court entered judgment against the trust for $11,894.95 plus statutory interest, assessed costs to the trust, and removed the case from the calendar.

Thirteen days later, the trust moved to vacate the summary judgment order under rule 1.1004 for "[e]rror in fixing the amount of the recovery," and as "not sustained by sufficient evidence" and being "contrary to law." Iowa R. Civ. P. 1.1004(5), (6). It also moved to dismiss the petition under rule 1.302(5), arguing that the law firm never served the trust. The court summarily denied the motions.

The trust now appeals, challenging only the denial of its motion for enlargement of time to respond to the requests for admissions and the denial of its post-judgment motion to dismiss under rule 1.302(5) for lack of service. The trust disclaims appealing the denial of its motion to vacate the summary judgment order.

## II.    Motion for Extension to Respond to Requests for Admissions

In civil litigation, a party may make "a written request" to another party "for the admission . . . of the truth of any . . . statements or opinions of fact or of the application of law to fact" related to discoverable matter in the lawsuit. Iowa R. Civ. P. 1.510(1). If a party does not respond "within 30 days after service of the request, or within such shorter or longer time as the court may on motion allow," "[t]he matter is admitted." Iowa R. Civ. P. 1.510(2). And the admitted matter is then "conclusively established in the pending action unless the court on motion permits withdrawal or amendment of the admission." Iowa R. Civ. P. 1.511.

A district court has broad discretion to decide whether to extend the thirty-day deadline to permit a late response and we will not disturb the court's denial of such an extension request "unless the discretion is abused." *Allied Gas & Chem. Co. v. Federated Mut. Ins.*, 332 N.W.2d 877, 879 (Iowa 1983). "No *right* exists to

file a late response." *Id.* Our supreme court has held that two considerations drive the exercise of the court's discretion: (1) whether "presentation of the merits of the action will be subserved" by permitting the late response and (2) whether it will prejudice "the party who obtained the admission . . . in maintaining his action or defense on the merits." *Id.* at 879 (cleaned up); *see also* Iowa R. Civ. P. 1.511. Even "inadvertence" is not an excuse justifying a late response. *Allied Gas & Chem. Co.*, 332 N.W.2d at 880. While "automatic rejection of late responses" is not required because it "would result in the unjustified suppression of the merits," "too liberal sufferance of a litigant's procrastination is equally undesirable, since such a policy would undermine the purposes of the rule." *Id.* (cleaned up).

The trust does not argue about either of these considerations, focusing instead on showing excusable neglect, as required under the general extension-of-time rule. *See* Iowa R. Civ. P. 1.443(1); *McElroy v. State*, 637 N.W.2d 488, 494–95 (Iowa 2001). We question whether excusable neglect could be an appropriate consideration given the governing standard under this more specific rule. *See McElroy*, 637 N.W.2d at 494 (reasoning standard of more specific rule governs rather than the general extension rule before concluding the differences did not matter there); *Allied Gas & Chem. Co.*, 332 N.W.2d at 880 (affirming refusal to permit late response while recognizing "the untimely response was due to inadvertence" and noting "that other courts have refused leave . . . based on inadvert[e]nce or excusable neglect on the part of counsel"). But even if excusable neglect is a proper factor, we cannot say the district court abused its discretion in rejecting the trust's excuses.

The trust's main contention is that the district court did not "consider[] the medical reasons for the extension." But the court did consider them. It just found them unconvincing reasons for the delay given the timing of the extension request, the trust's other conduct in the proceeding around the same time it received the requests for admissions, and the court's previous warnings to the trust.

The trust also argues that the district court abused its discretion because the court dismissed the suit as "a discovery sanction" without a showing of willful violation of a court order. But the court's decision denying the extension request was not the imposition of a discovery sanction—dismissal or otherwise. The decision before the court was only whether the trust should get an extension of time to avoid the ordinary consequences under our rules of civil procedure for failing to timely respond to requests for admissions. And it is no basis to avoid those consequences just because "the issues deemed admitted go to the heart of its defense" or "relate[] to an ultimate fact or to an issue that is dispositive of the case." *Allied Gas & Chem. Co.*, 332 N.W.2d at 880. The dismissal here then necessarily followed as a matter of law when considering the law firm's summary-judgment motion—a decision that the trust does not appeal.

We understand the obstacles of self-representation in our judicial system, especially in light of Woller's medical issues. But we do not have a double standard for those represented by counsel and those who are unrepresented—we expect all to follow our procedures. *See Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). "The question in this appeal is not whether we would permit the untimely responses to be filed. The question is whether the district court abused its discretion in refusing to permit

them to be filed." *Allied Gas & Chem. Co.*, 332 N.W.2d at 880. The trust has given us no basis to conclude that the district court abused its discretion. And so, we affirm the denial of the trust's extension request.[2]

### III. Post-Judgment Motion to Dismiss for Lack of Service

The trust also asks us to reverse the district court's denial of its motion to dismiss for failure to serve the trust under Iowa Rule of Civil Procedure 1.302(5). *See* Iowa R. Civ. P. 1.302(5) (authorizing dismissal without prejudice "[i]f service of the original notice is not made . . . within 90 days after filing the petition"). The trust filed this motion thirteen days after the district court granted the law firm's motion for summary judgment and entered judgment against the trust. And the district court summarily denied the motion. On appeal, the trust mainly reiterates its argument that the court should have found that it was not properly served as required by rule 1.302 and the case must thus be dismissed. But even assuming the trust was not properly served—despite the proof of service in the record and the trust's participation in the case for thirteen months—the district court properly denied the motion to dismiss because it was filed after the entry of judgment.

Upon the entry of judgment, the case was complete and could not be dismissed by a motion under rule 1.302(5). *See Snyder v. Allamakee Cnty.*, 402 N.W.2d 416, 418 (Iowa 1987) (explaining that after entry of final judgment, the "district court's power to proceed further was at an end" and that it was without "power or authority to return the parties to their original positions" absent "an

---

[2] Because we affirm the denial of the extension request, we need not decide whether a reversal of that decision would have granted the trust any practical relief when it did not also expressly appeal the summary-judgment ruling that relied on its admissions.

appropriate and timely post-judgment motion" to set aside the judgment, reconsider, or grant a new trial). In essence, there was nothing before the court to dismiss. The trust seems to acknowledge this issue in its brief to us but contends "there remained claims and defense in the case after summary judgment was entered"—purportedly its motion to dismiss and a motion to vacate summary judgment that the trust did not appeal. But these *motions* are not *claims or counterclaims* that could be separately tried or result in separate judgments as the trust argues. *See id.* at 419 (holding that a pending motion to set aside a judgment does "not affect the finality of that judgment"). No claim remained here. We thus affirm the district court's denial of the trust's motion to dismiss.

**AFFIRMED.**

Schumacher, P.J., concurs; Vogel, S.J., dissents.

**VOGEL, Senior Judge** (dissent)

Proceeding pro se means representing "oneself" in a judicial proceeding—not representing another person or entity. *Pro Se Litigant*, Black's Law Dictionary (12th ed. 2024). Therefore, a nonlawyer trustee defending a trust in a civil lawsuit is not just perilous, it is prohibited as the unauthorized practice of law. While I agree with the majority's well-reasoned analysis on the merits, I would not reach any of the trust's arguments because this appeal should have been dismissed. Thus, I respectfully dissent.

This is a civil dispute between two entities: a law firm—Locher & Davis, P.C.—and a trust—Ruth F. Woller Revocable Trust. The firm performed legal services for the trust but did not receive all the fees it believed it was owed, so it sued the trust to recover those fees. The trustee—Herbert G. Woller—stepped in and defended the trust in this civil action. Yet the trustee is not an attorney. Despite having no license to practice law in our state, the trustee filed an answer, made motions, (belatedly) responded to discovery, resisted summary judgment, filed a notice of appeal, and drafted an appellant and reply brief—all on behalf of the trust, not himself. None of this was proper. It was the unauthorized practice of law.

Generally, "a corporation may not represent itself through nonlawyer employees, officers, or shareholders." *Hawkeye Bank & Tr. v. Braugh*, 463 N.W.2d 22, 25 (Iowa 1990). Absent statutory exceptions, *see* Iowa Code § 631.14 (2021), a corporate entity may not appear pro se and must instead retain counsel for legal proceedings. *Hawkeye*, 463 N.W.2d at 25. This rule both reinforces the separate legal identity of the corporation and protects the public from the risks and harms associated with the unlicensed practice of law. *Id.* at 24. Indeed, ethical

obligations and licensing sanctions work to deter attorneys from the missteps that occurred here—missed deadlines, questionable candor to the court, and improper motions.

Although *Hawkeye* does not speak directly to trusts and trustees, as with shareholders and corporations, a trustee and a trust are not one in the same. *See, e.g.*, Iowa Code §§ 633A.2102(1)(b) (instructing the same person cannot be both "the sole trustee and sole beneficiary"); 633A.4104 (noting possibility of vacancy of trustee if trustee declines to serve, resigns, is removed, or dies); 633A.4106 (authorizing resignation of trustee and, if appropriate, court to appoint receiver or temporary trustee); 633A.4107 (authorizing removal of trustee); *see also Grout v. Sickels*, 985 N.W.2d 144, 149 (Iowa 2023) (describing a trust as a "legal entity"). Because the trustee is separate from the trust itself, it follows that any legal representation by the trustee would not be on his own behalf, but on behalf of another—the trust. Representing another person or entity before our courts is the practice of law, which requires licensure. *See Bergantzel v. Mlynarik*, 619 N.W.2d 309, 312 (Iowa 2000); *Iowa Sup. Ct. Comm'n on the Unauthorized Prac. of L. v. Sullins*, 893 N.W.2d 864, 864 (Iowa 2017); *see also generally* Iowa Ct. R. 37.2.

Of course, our trust code vests trustees with certain powers and responsibilities. *See generally* Iowa Code §§ 633A.4202, 633A.4401, 663A.4402. Specifically, a trustee may "[p]rosecute or defend an action, claim, or proceeding in order to protect trust property." *Id.* § 633A.4402(30). Yet this language merely instructs that the trustee is the "proper person to sue or be sued on behalf of the trust"—it does not "vest a trustee with the authority to represent the trust in [court] in lieu of a licensed attorney." *Schaake v. City of Lawrence*, 491 P.3d 1265, 1270–

71 (Kan. Ct. App. 2021); *see also C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987).

Furthermore, looking outside of Iowa, many other states prohibit nonlawyer trustees from representing a trust in civil actions—relying on the same corporate-representation principles adopted in *Hawkeye*. *See, e.g.*, *Elm Child.'s Edu. Tr. v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 533 (Tenn. App. 2014) (explaining "a non-attorney trustee may not represent a trust in our Tennessee courts" because "a situation wherein a non-attorney trustee is attempting to represent a trust in court is analogous to a situation wherein a non-attorney corporate officer or shareholder is attempting to represent a corporation in court"); *Bluel v. Nigg*, 528 P.3d 461, 462 (Alaska 2023) ("A non-lawyer trustee for an express trust may not provide legal representation to the trust, which is a distinct legal person."); *Ziegler v. Nickel*, 64 Cal. App. 4th 545, 549 (Cal. Ct. App. 1998) ("A non-attorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law."); *Application for Water Rights of Town of Minturn*, 359 P.3d 29, 32 (Colo. 2015) ("[A] trustee who is not an attorney may not proceed pro se on behalf of a trust in a litigation matter."); *EHQF Trust v. S&A Cap. Partners, Inc.*, 947 So. 2d 606, 606 (Fla. Dist. Ct. App. 2007) (instructing pro se trustee must obtain counsel or appeal will be dismissed because unlicensed practice is prohibited and there is "no exception for representation of a trust"); *Lazy 'L' Fam. Pres. Tr. v. First State Bank of Princeton*, 521 N.E.2d 198, 200–01 (Ill. Ct. App. 1988) (disallowing nonlawyer trustee from representing trust in legal proceedings, even if trust documents purportedly authorize it, because it would constitute the unlicensed practice of law); *Schaake*,

491 P.3d at 1270 (holding nonlawyer trustee "cannot proceed as a pro se trustee because he is representing the interests of a trust, and by representing the Trust, [the trustee] represents another"); *Mayer v. Lindenwood Female Coll.*, 453 S.W.3d 307, 315–16 (Mo. Ct. App. 2014) (dismissing appeal because pro se trustees could not represent the trust on appeal); *Back Acres Pure Tr. v. Fahnlander*, 443 N.W.2d 604, 605 (Neb. 1989) ("[A] trustee's duties in connection with his or her office do not include the right to present argument pro se in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law."); *Salman v. Newell*, 885 P.2d 607, 608–09 (Nev. 1994) (dismissing appeal because, even assuming company was a trust and pro-se person was trustee, nonlawyer trustee had no authority to represent another in court); *Mahoning Cnty. Bar Ass'n v. Alexander*, 681 N.E.2d 934, 935 (Ohio 1997) ("[B]y instituting legal proceedings and by appearing in court pro se as trustee for a trust, respondent in this capacity represented the interests of the trust (a separate legal entity), and of other persons, and, thus, engaged in the practice of law."); *Braich v. Smith*, 549 P.3d 602, 604 (Or. Ct. App. 2024) (affirming dismissal of complaint filed by nonlawyer trustee on behalf of a trust); *Delaware Valley Landscape Stone, Inc. v. RRQ, LLC*, 284 A.3d 459, 463–64 (Pa. Super. Ct. 2022) (striking appellant brief of pro-se trustees because they were engaging in the unauthorized practice of law and providing sixty days to retain counsel); *In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. Ct. App. 2010) ("[I]f a non-attorney trustee appears in court on behalf of the trust, he or she necessarily represents the interests of others, which amounts to the unauthorized practice of law."); *Life Sci. Church v. Shawano Cnty.*, 585 N.W.2d 625, 626 (Wis.

Ct. App. 1998) ("[T]rustees may appear in Wisconsin courts without licensed legal counsel only to represent their own legal interests in their individual capacities, not to represent the legal interests of their trusts or trust beneficiaries in their representative, fiduciary capacities as trustees.").

So too in federal courts. *See, e.g.*, *Van De Berg v. C.I.R.*, 175 Fed. App'x 539, 541 (3d Cir. 2006) (dismissing appeal because "a non-lawyer trustee, such as Van De Berg, may not represent a trust pro se before this Court"); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 347–48 (8th Cir. 1994) (dismissing appeals filed by nonlawyer trustees because they had "no right to represent another entity, i.e., a trust, in a court of the United States"); *C.E. Pope Equity Tr.*, 818 F.2d at 697–98 (finding nonlawyer trustee may not represent trust in federal court because trustee "has no authority to appear as an attorney for others than himself"); *In re Wilson*, 860 Fed. App'x 147, 150 (10th Cir. 2021) ("Trusts are artificial entities that exist independently of their trustees. So if the trustee is not a licensed attorney, he or she cannot represent the trust." (internal citation omitted)); *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("A trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear pro se as a nonlawyer." (cleaned up)).

"Because our supreme court intended to prohibit people who are not licensed as attorneys from practicing law, an attempt to do so is unauthorized." *Yulin Li ex rel. Lee v. Rizzio*, 801 N.W.2d 351, 359 (Iowa Ct. App. 2011); *see also Steensma v. Buysman, Inc.*, No. 17-0693, 2018 WL 2725320, at *5 n.5 (Iowa Ct. App. June 6, 2018) (instructing "[t]he district court should have played a more

active role in preventing Jesse, a non-lawyer, from repeatedly representing the corporation"). Rather than engage with the merits, I would follow the great weight of authority and prevent the trustee from representing the trust in this civil action, and therefore dismiss this unauthorized appeal. *See Rizzio*, 801 N.W.2d at 363.