**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 26-1019

_____

IN RE: SHARISSE JUANITA FILUS, as Trustee and/or Beneficiary
of the SJF Living Revocable Trust,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2:25-cv-03176)

_____

Submitted Pursuant to Fed. R. App. P. 21
March 12, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed March 20, 2026)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Sharisse Filus seeks a writ of mandamus asking this Court, inter

alia, to intervene in a civil action that she filed in the District Court.  For the reasons set

forth below, we will deny the petition in part and dismiss the petition in part.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In May, 2025, Filus deposited a $3,623,403.30 check from the United States Treasury, marked "Tax Refund," into a Fidelity Investments ("Fidelity") account owned by the "SJF Living Revocable Trust." *See* Operative Second Amended Complaint, D.Ct. ECF No. 18 at 1-2, 10 ("The Trust is the direct owner of the account[.]") In early June, Filus sought to transfer approximately $500,000 out of the trust account, prompting Fidelity to freeze the account until the legitimacy of the funds could be validated. Fidelity later received a letter from the Internal Revenue Service ("IRS") indicating that the tax refund check had been issued "in error," and requesting Fidelity's help "to recover the funds by returning the amount of the tax refund payments to us." D.Ct. ECF No. 27-4 at 27. After the Trust account was frozen, Filus, proceeding pro se and "as Trustee and/or Beneficiary of the SJF Living Revocable Trust," filed a civil action against Fidelity asserting multiple claims for relief and seeking $120,000,000 in compensatory and punitive damages. *See* D.Ct. ECF No. 18 at 1.

Filus, who is not an attorney, filed numerous motions in the District Court, including motions relating to discovery. Fidelity moved to dismiss the operative amended complaint. On September 26, 2025, the District Court denied Filus' various motions and partially granted Fidelity's motion to dismiss. Thereafter, Fidelity timely filed an answer to the surviving claims. Filus moved to "strike Defendant's Answer, deem all well-pleaded allegations admitted, bar any late-introduced 'Customer Agreement' or related defenses, and impose sanctions for repeated, willful procedural default or bad faith." D.Ct. ECF No. 39 at 1. The District Court denied the motion,

noting that Filus' arguments were not legally cognizable and explaining why. *See* D.Ct. ECF No. 40 at 1 n.1. It further cautioned Filus regarding the pitfalls of proceeding pro se. *Id*.

Filus sought reconsideration, which the District Court denied. She then sought certification to file an interlocutory appeal to this Court, which was also denied. Filus continued to file similar unsuccessful motions related to discovery, the disputed customer agreement, and sanctions.

During a pretrial conference held on January 15, 2026, the District Court, sua sponte, raised the issue of whether Filus had the authority to proceed pro se on behalf of the trust. *See* D.Ct. ECF No. 62 at 3-6 (noting the "threshold question" of whether Filus had "the authority to bring this case without an attorney"). The parties were ordered to provide the Court with the operative trust documents under seal. The District Court advised Filus that failure to comply "may result in the Amended Complaint being void *ab initio*," and cautioned her regarding the unauthorized practice of law. D.Ct. ECF No. 65 at 1 & 1 n.1. After Filus failed to provide the trust documents in accordance with the District Court's order, the matter was stayed "to permit [Filus] to obtain counsel." D.Ct. ECF No. 69 at 1.

Filus petitions this Court for a writ of mandamus.[1] Amongst other relief, she asks that we "[v]acate all adverse rulings, orders, and actions taken by the district court against

---

[1] It is well-settled that "artificial entitles" such as corporations and trusts "may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II*

3

Petitioner," grant "final judgment in Petitioner's favor on all claims," and grant her $100,000,000 in compensatory and punitive damages. 3d Cir. ECF No. 7 at 4. In a possible reference to the District Court's order that she file the trust documents with the District Court, Filus also requests that we "[d]eclare all district court orders and judicially manufactured controversies void ab initio and enjoin all further action thereupon." *Id.*

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to obtain the relief" sought and has shown that her right to the writ is "clear and indisputable." *Id.* at 378-79 (quoting *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 380-81 (2004)).

Filus has not made such a showing. To the extent she seeks to challenge any rulings of the District Court against her personally, a petition for a writ of mandamus is not a substitute for an appeal. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 219 (3d Cir.

---

*Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing, *inter alia*, *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) (per curiam)). Thus, we consider this mandamus petition and her supplemental filings only to the extent that Filus seeks to vindicate her own interests. To the extent she seeks to represent the interests of the trust in a pro se capacity, we will dismiss the petition and do not consider any supplemental filings on behalf of the trust. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustees *pro se*' has no right to represent another entity, i.e., a trust, in a court of the United States."); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (concluding that a pro se litigant who filed an action as trustee on behalf of a trust "ha[d] no authority to appear as an attorney for others than himself").

4

2003) ("If, in effect, an appeal will lie, mandamus will not."). Moreover, Filus has not shown that she has a clear and indisputable right to the relief she seeks, particularly where she has not shown that she can represent the trust which owns the Fidelity account that is the subject of the litigation. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam).

Filus also requests that we reassign her District Court action to a different judge due to "ongoing bias and violations of judicial impartiality." 3d Cir. ECF No. 1-1 at 6. She further asserts that the District Judge should be sanctioned for her conduct, including "sustained and prejudicial advocacy," "collusion with Respondent," and "systemic chilling of pro se access." 3d Cir. ECF No. 7 at 1. However, a review of the District Court record as a whole fails to support these allegations.

Filus' assertions largely demonstrate her disagreement with the District Court's procedural rulings. But "displeasure with legal rulings does not form an adequate basis for recusal." *See SecuraComm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). And we cannot say that the District Court's admonishments to Filus regarding her filings, including any references to potential sanctions or the characterization of various submissions as frivolous, "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Likeky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly, as Filus' has not shown any basis to warrant the "extreme remedy" of mandamus relief, her petition for a writ of mandamus will be denied to the extent she

brings it on her own behalf.[2]  *See In re Abbott Labs.*, 96 F.4th 371, 379 (3d Cir. 2024).

To the extent Filus seeks to vindicate the interests of the trust, the petition for a writ of

mandamus will be dismissed.  *See* supra n.1.

---

[2] To the extent that Filus makes additional requests for relief in her supplemental filings, they, too, are denied.