[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12622
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-00543-MHH

STARTLEY GENERAL CONTRACTORS, INC.,
MANDY POWRZANAS,
STEVEN ALLEN STEWART,

Plaintiff-Appellants,

versus

WATER WORKS BOARD OF THE CITY OF BIRMINGHAM, THE,
MACAROY UNDERWOOD, Mac,
TM JONES, Sonny,
JERRY LOWE, Lee,
RICHARD NEWTON, Wayne,
JONES UTILITY AND CONTRACTING CO. INC.,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 24, 2021)

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellants appeal the district court's order denying their motion for the district court to reconsider, pursuant to Federal Rule of Civil Procedure 60(b), an order dismissing their claims with prejudice for failure to state a claim under the False Claims Act ("FCA").[1]  After a thorough review of the parties' briefs and the record, we affirm.

I.

Because we write for the parties, we assume familiarity with the facts and set out only those necessary for the resolution of this appeal.

Plaintiffs filed a complaint in Alabama state court alleging violations of the FCA and Sarbanes-Oxley Act, as well as state law claims, against the Water Works Board of the City of Birmingham and its employees (collectively, the "Board") and a competing contractor, Jones Utility & Contracting Company, Inc., and its principal (collectively, "Jones").  The plaintiffs alleged that they were harmed from Jones's and the Board's "pay to play" scheme that ignored bidding laws and

---

[1]    Attorney Scott Thomas Morro's motion to withdraw as counsel is GRANTED.

The Joint Stipulation of dismissal with prejudice of all claims of plaintiff-appellant, Steve Stewart, is GRANTED.  The term "plaintiffs-appellants" as used hereafter in this opinion shall include the plaintiffs-appellants other than Steve Stewart.

fraudulently used federal program dollars to fund public water utility projects. The case was removed on April 5, 2018.

Plaintiffs filed an amended complaint on April 27, 2018, after a hearing with the district court on their pending motions for injunctive relief. The defendants filed motions to dismiss the amended complaint. On May 24, 2018, the district court granted the motions to dismiss; the court dismissed the plaintiffs' federal law claims—pursuant to the Sarbanes-Oxley Act and the FCA—without prejudice, and plaintiffs' state law claims were remanded back to the state court. In dismissing the FCA claim, the district court explained that "the plaintiffs have not and cannot, on the facts of this case, identify a false claim that a defendant allegedly made to the federal government."

On May 30, 2018, the plaintiffs filed a motion for reconsideration of the district court's dismissal of their case and requested permission to amend their complaint to re-allege their FCA claim. The district court conditionally granted the motion as to the request to amend the complaint. The district court explained that it had dismissed the FCA claim because there was no allegation of a false claim made by the defendants to the federal government and that it had determined that amendment to the complaint again would have been futile because the plaintiffs could not identify any such claim. On reconsideration, the court considered the plaintiffs' arguments that the Fraud Enforcement and Recovery Act amended the

3

FCA to allow the plaintiffs to assert a colorable FCA claim without alleging a false claim was submitted by the defendants to the federal government.  The court also considered the assertion that plaintiffs had access to an insider formerly employed with Jones with firsthand knowledge of a fraudulent scheme involving billing practices, underbidding, bribery, and kickbacks, in addition to the source of funding for projects.   Accepting the plaintiffs' arguments, the court explained, however, that the FCA still required the plaintiffs—in order to properly allege a claim based on their theory of fraudulent invoices and consistent with Federal Rules of Civil Procedure 8, 9, and 11—to identify Board-funded projects that used federal funds and tie those to Jones's submission of fraudulent invoices (or otherwise allege another violation of the FCA).  The plaintiffs needed more than just allegations of improper billing practices; they needed specific allegations that a fraudulent claim was submitted to the federal government or to an entity administering federal funds.

In response, the plaintiffs filed a second amended complaint on April 30, 2018, asserting FCA and state law claims.  The defendants filed a motion to dismiss the second amended complaint.  The court granted the motion to dismiss and dismissed the FCA claims with prejudice and decided not to recall the state law claims previously remanded to the state court.  At a hearing on October 10, 2019, the court explained its reasons for the dismissal, including that the plaintiffs

4

failed to "connect the dots" to demonstrate that federal funds were used by the Board to pay fraudulent invoices or that there was otherwise a submission of a fraudulent claim to the federal government. Instead, it seemed that the Board was allegedly using federal funds as a guarantee to seek bonds and that invoices were paid—not from federal funds—but from bond revenues. In addition, the Board's ratepayers seemed to be the victim of any alleged fraud—not the federal government—since any fraudulently made claim would fall ultimately on the ratepayer.

On November 10, 2019, the plaintiffs filed a second motion for reconsideration, requesting that the district court reconsider its order dismissing their second amended complaint. On July 1, 2020, the district court denied this second motion for reconsideration pursuant to Rule 60,[2] explaining that the plaintiffs had only reiterated their theory of FCA liability and failed to address the concerns the court had previously expressed; that is, the plaintiffs reargued the same theory without alleging a connection between the fraudulent scheme and a claim being submitted to the federal government, as required for an FCA claim. The district court also found that the plaintiffs had failed to explain why the Board's ratepayers were not the defrauded parties or how the fact that federal funds

---

[2]    Because the plaintiffs had not filed a motion within 28 days of the entry of the order granting the motions to dismiss the second amended complaint, the district court did not consider the motion under Rule 59.

5

were not being used to pay the invoices still allowed for a theory of FCA liability. Instead, the plaintiffs had reiterated their initial arguments that the FCA claims were based on the Board's application and reception of federal funds and the plaintiffs' access to insider knowledge of a fraudulent billing scheme provided sufficient indicia of reliability that the submitted claims were fraudulent. Because the plaintiffs merely reargued already defeated arguments and asserted their dissatisfaction with the district court's prior reasoning, the second motion for reconsideration was denied.

On July 13, 2020, the plaintiffs timely filed a notice of appeal of the district court's July 1 order on their motion for reconsideration.

II.

The plaintiffs argue that the district court abused its discretion in denying their second motion for reconsideration. As an initial matter, we address the scope of our review.

The plaintiffs' notice of appeal indicates that the plaintiffs only appeal the district court's order dated July 1, 2020, denying their second motion for reconsideration. The defendants emphasize the text of the notice in their response brief because the defendants read plaintiffs' statement of jurisdiction in their opening brief as attempting to appeal other orders, and the defendants argue that this Court's review is limited to the July 1 order and that the court is without

jurisdiction over any other orders of the district court. In reply, the plaintiffs do not argue that this Court should consider any order not specifically listed in their notice of appeal.[3]

While the plaintiffs' arguments are focused on the merits of the viability of the second amended complaint's allegations, the plaintiffs briefing includes only the standard of review of a motion for reconsideration denial pursuant to Rule 60 and does not state that the district court erred in its conclusions in any other order. Indeed, Rule 4 of the Federal Rules of Appellate Procedure limits our review given that the notice of appeal was filed well over 30 days after the entry of any order other than the order on the second motion for reconsideration and the motion was filed more than 28 days after the entry of the order granting the defendants' motion to dismiss. Therefore, our review is appropriately limited only to the district court's July 1, 2020, order denying the second motion for reconsideration pursuant to Rule 60.

## III.

"We review the denial of a motion for reconsideration for an abuse of discretion." Corley v. Long-Lewis, Inc., 965 F.3d 1222, 1234 (11th Cir. 2020).

---

[3]     Cf. J.J. Rissell, Allentown, PA Tr. v. Marchelos, 976 F.3d 1233, 1235 (11th Cir. 2020) ("Despite the clear requirements of Federal Rule of Appellate Procedure 3(c), we have excused defective notices of appeal that failed to designate expressly the district court order appealed or to specify the parties taking the appeal when the appellant's intent to appeal was clear from context." (citations omitted)).

"Our review is fairly circumscribed and deferential; this appeal 'does not bring up the underlying judgment for review.'" Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996) (quoting Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993)). An appellant "must do more than show that a grant of its motion might have been warranted" and "must demonstrate a justification for relief so compelling that the district court was *required* to grant [the] motion" for reconsideration. Id. "A motion for reconsideration cannot be used," however, "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)).

In this case, plaintiffs do not make an argument as to why there was an abuse of discretion in denying their Rule 60 motion. The plaintiffs state that newly discovered evidence may warrant reconsideration pursuant to Rule 60(b)(2) and that another basis for consideration may include an intervening change in controlling law or the need to correct a manifest injustice. But the plaintiffs do not attempt to identify any such circumstances in this case. They do not identify which subsection of Rule 60 they rely on. Indeed, apart from articulating the standard of

review, the test for newly discovered evidence, and briefly mentioning Rule 60,[4] the plaintiffs make no argument about how the district court purportedly abused its discretion or why Rule 60 would have afforded them relief. And while the plaintiffs recognize that the district court required them to allege a specific instance in which federal funds were used or connected with fraud, they fail to directly respond to the district court's concerns, nor do they argue that the district court erred by, for example, relying on an incorrect standard of law on this point.

Instead, the plaintiffs' two main arguments on appeal are attempts to "to relitigate old matters" once again. Those arguments are, first, that an insider has provided them with firsthand knowledge of billing practices, which would provide the sufficient indica of reliability of the alleged fraud; and second, that the defendants violated federal regulations and guidelines in their handling of federal funds. Neither of these arguments indicate an abuse of discretion. Nor do they address the concerns of the district court regarding a lack of a nexus between federal funds and the alleged fraudulent claims in the second amended complaint. They merely reassert the same reasons previously raised as to why they think their allegations are sufficient.

---

[4]    Plaintiffs also mention Rule 59(e) but do not argue that the district court erred in holding that their second motion for reconsideration could only be considered under Rule 60. Even if they did, the argument would be without merit.

As to the first main argument, the plaintiffs cite our Court's decision in United States ex rel. Clausen v. Laboratory Corp. of America, Inc., for the propositions that some indicia of reliability of fraud is needed, and that "an insider might have an easier time obtaining information about billing practices and meeting the pleading requirements under the False Claims Act." 290 F.3d 1301, 1311 (11th Cir. 2002).[5]  In doing so, the plaintiffs merely attempt to relitigate the dismissal of their FCA claims and fail to demonstrate how the district court abused its discretion in denying the plaintiffs' motion for reconsideration.  For example, the plaintiffs do not state that their access to the insider constitutes newly discovered evidence that the district court ignored.  Even so, the argument is without merit, made clear by the fact that the plaintiffs continue to pass over the fault in their pleading that the district court identified.  Indeed, the plaintiffs' quotation of Clausen in their opening brief makes this obvious.

Relevant to the plaintiffs' citation, the Clausen court held (a) that the FCA and Rule 9(b) require some indicia of reliability be alleged "to support the allegation of an actual false claim for payment being made to the Government," id. (emphasis removed and added); and (b) an "outsider"—as opposed to an insider,

---

[5]    Clausen is only one of two cases cited by the plaintiffs in the substance of their argument; they cite four cases for the motion for reconsideration standard, which they do not use to make an argument.  The other substantive case is a district court decision that relies, in part, on Clausen and that the plaintiffs quote for the same "insider" argument, which we explain is insufficient to demonstrate an abuse of discretion.

10

like the plaintiffs argue they have access to—is not "offer[ed] any special leniency" when he "fail[s] to allege with the required specificity the circumstances of the fraudulent conduct," id. at 1314.  As to the former point, the plaintiffs still fail to explain how their allegations regarding fraudulent billings connect to federal funds.  And as to the latter, the plaintiffs fail to indicate how the insider information they do have provides any basis for concluding that their second amended complaint plausibly alleged an FCA claim.

As to plaintiffs' second main argument, that the defendants violated federal regulations, this argument too fails to indicate an abuse of discretion in the district court's decision to deny the second reconsideration motion.  And if we were to reach the merits, the argument still fails to indicate why those alleged federal regulatory violations provide a basis to conclude that a false claim implicated federal funds and was submitted to the federal government.  In particular, the plaintiffs repeatedly refer to the fact that federal regulations require separation (from funds from other sources) of federal funds received through the relevant federal program.  Yet, the plaintiffs do not argue why the district court was wrong to conclude—as it did in dismissing the second amended complaint—that "even if there was some commingling of . . . funds, there's no way right now for the Court

11

based on the allegations before it to identify a specific instance in which federal funds were used to pay a fraudulent claim."[6]

Therefore, the plaintiffs' appellate arguments fail to demonstrate an abuse of discretion in the district court's denial of the second motion for reconsideration.

AFFIRMED.

---

[6] The plaintiffs spend much of their opening brief outlining what they describe as "follow[ing] the trail of federal funds," implying that they made the connection that the district court requested despite the "comingling" of funds.  Opening Br. at 52.  The plaintiffs fail to indicate the relevance of these arguments to the abuse of discretion standard that they must meet on appeal, nor do they indicate how the district court erred in concluding such allegations were insufficient.  Furthermore, similar to how the district court observed that the plaintiffs restated verbatim portions of their previous motion for reconsideration in their second motion for reconsideration, the plaintiffs restate verbatim portions of their second motion for reconsideration in their opening appellate brief.  This is another symptom of the plaintiffs' attempts to inappropriately relitigate the prior dismissal of their second amended complaint.